IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Mario Jiminez # 244571, Petitioner

vs

Harvey Grimmer, Warden, et... al., Respondents

In Re: Habeas Corpus Petition.

Case No. 3:07-CV-187-MEF

RECEIVED 2007 MAR 23 A 9:39 A P. HACKETT U.S. DISTRICT COURT MIDDLE DISTRICT ALA.

## PETITIONER'S MOTION TO STAY THIS CASE AND PROCEEDING, OR IN THE ALTERNATIVE, PUT CASE ON HOLD PENDING EXHAUSTION OF STATE REMEDIES

Comes now Mario Jiminez the Petitioner in the above styled cause by and through the assistance of another inmate, and hereby moves this Court for an order staying this case and proceeding, or in the alternative, put this case on hold pending the Petitioner's exhaustion of state remedies, and as grounds, shows as follows:

1. This Petitioner's conviction was affirmed on direct appeal and certificate of judgement issued by the Alabama Court of Criminal Appeals on November 17th, 2006.

2. Alabama Prison officials had transferred this Petitioner from the Alabama Prison System to the West Carroll Detention Center in Epps, Louisiana in September 2006, where there was not, and is not, an adequate law library or an Alabama Law Clerk on duty in the so-called law library to assist inmates with litigation of their case(s).

1

3. The Petitioner wanting to attack his wrongful conviction encountered an inmate who claimed to know law at the West Carroll Detention Center who falsely and erroneously advised the Petitioner to file a Federal Petition for Writ of Habeas Corpus. Trusting said inmate, and not knowing any better, allowed said inmate to prepare the habeas corpus petition for him which is now pending before this court.

4. The Petitioner did not discover until the afternoon of March 18th, 2007, when he encountered an inmate who has done legal work for more than 20 years and informed the Petitioner that he had filed his habeas corpus petition prematurely because he had not exhausted his state remedies in that, (1) he did not carry his case to the Alabama Supreme Court on direct appeal, and (2) he had never filed a Rule 32 Ala. R. Crim. P. postconviction petition and he still had a state remedy by filing a Rule 32 petition available. The inmate encouraged the Petitioner to file this motion to have this court issue an order staying this case/proceeding or putting this case/proceeding on hold until he can exhaust his available state remedies.

5. In support of this motion, the Petitioner attaches a sworn affidavit of inmate Donnie W. Lee hereunto, and avers that unless this court grants him the relief requested herein, manifest injustice will most certainly occur.

## RELIEF REQUESTED

Wherefore, all facts and circumstances considered, the Petitioner prays that this Court will issue orders:

1. Staying this case/proceeding, or putting it on hold until the Petitioner can exhaust available Alabama state remedies, or, issue whatever

2

orders are necessary to allow this Petitioner to exhaust available state remedies, but still preserving the Petitioner a remedy by way of a Federal Habeas Corpus petition, should such a remedy become necessary.

### AFFIRMATION OF OATH

Sworn to under penalty of perjury this the 20th day of March, 2007 that the facts alleged in this motion are true and correct to the best of my knowledge and belief.

Respectfully submitted

Mario Jiminez  3-20-07

Mario Jiminez - Petitioner/Affiant

AIS # 244571

Dorm B-1    Bed # 3

West Carroll Dentention Center

P.O. Box 307

Epps, Louisiana   71237

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 20th day of March, 2007 served a copy of the foregoing upon:

    The Clerk of the U.S. District Court
    For The Middle District of Alabama
    P.O. Box 711
    Montgomery, Alabama 36101-0711

and upon:

    The Office of the Alabama Attorney General
    11 South Union Street
    Montgomery, Alabama 36130-0152

by placing copies of the same in the U.S. Mail properly addressed postage prepaid at the West Carroll Detention Center in Epps, Louisiana.

Respectfully Submitted,

Mario Jiminez 3-20-07

Mario Jiminez – Petitioner
AIS # 244571
Dorm B-1 Bed # 3
West Carroll Detention Center
P.O. Box 307
Epps, Louisiana 71237

4



SHREVEPORT LA 711

21 MAR 2007 PM 3 T

MARIO JIMINEZ
244571-B-1
P.O. Box 307
EPPS, LA. 71237

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT
P.O. BOX 711
MONTGOMERY, AL. 36101-0711

36101+0711 B007

This Correspondence Originates From A Correctional Facility And Is Uncensored

# SWORN AFFIDAVIT OF DONNIE W. LEE #145193

I, Donnie W. Lee, AIS #145193 hereby swear under the penalty of perjury to the following and that I give this affidavit of my own free will.

I was transferred from the Limestone Correctional Facility in Harvest, Alabama to the West Carroll Detention Center in Epps, Louisiana in January, 2007. Upon my arrival in Epps, Louisiana I found the law library to be grossly deficient, and it is still grossly deficient for inmates to properly research and litigate their cases in the courts. Alabama inmates confined here <u>are not</u>, by any stretch of the imagination provided MEANINGFUL ACCESS TO THE COURTS.

As of the date of this affidavit, the so-called law library here is extremely small for the inmate population here, it is only available to Alabama inmates <u>at most</u> 12 1/2 hours a week and that is stretching the <u>actual time</u> inmates are allowed inside the law library to conduct research, there are no Alabama case law books at all and only two (2) computers with Alabama case law on them, and no operational typewriters. Inmates here are not allowed to receive carbon paper and white-out pens or legal supplies through the mail and inmates here are not provided with carbon paper by the facility to make copies of their legal documents/motions for submission to the courts. From January until the first of March 2007 inmates were only being given and furnished <u>5</u> sheets of typing paper a week in the law library with which to litigate their cases with. Inmates were informed by a guard here the first part of March that Deputy Warden Russell said that Alabama inmates "do not need a law clerk in the law library" and that some Alabama Prison Official by the name of Bullard, who comes over here periodically, told West Carroll Officials that inmates are only to be provided with 5 sheets of typing paper per each inmate in the law library per week. West Carroll Detention Center Officials started just last week supplying inmates who are doing legal work with 10 sheets

Page # 1 of 2 pages

of typing paper each per week to do legal work with.

There is no Alabama law clerk assigned to the law library to assist inmates with their cases and legal work, no copies of Alabama Administrative Regulations, classification manuals etc in the law library and Alabama Officials have directed or ordered West Carroll Officials to enforce Alabama's Administrative Regulations against inmates here. Alabama's Administrative Regulations are arbitrarily and capriciously enforced and applied against Alabama Inmates here and Alabama Inmates have no access to copies of Administrative Regulations to prepare a defense or challenge the arbitrary and capricious actions of West Carroll Officials, even if Alabama could legally apply Alabama's regulations out-of-state.

I met Mr. Morrio Jiminez on the afternoon of March 18th, 2007 for the first time when another inmate directed him to me concerning his case. In talking to Mr. Jiminez and reviewing all records of his case, it appears to me that his current Federal Habeas Corpus Petition has been prematurely filed because his case was not taken to the Alabama Supreme Court on direct appeal and he still has an Alabama state remedy by filing a Rule 32 postconviction petition. I have encouraged Mr. Jiminez to file a motion to see if the Federal Court will stay his case to allow him to exhaust his available state remedies. Needless to say, under the current conditions at the West Carroll Detention Center, it is going to be extremely difficult for the most experienced of litigators to prepare a meaningful and adequate Rule 32 postconviction petition for any inmate.

Sworn to under the penalty of perjury this the 20th day of March, 2007.

Signed
_Donnie W. Lee_ - Affiant

Donnie W. Lee

Page #2 of 2 Pages